UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY E. ELLSWORTH, JR.,

           Plaintiff,                        Case Number 08-10344
                                                          Honorable David M. Lawson
v.                                                       Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE FINDINGS OF THE COMMISSIONER**

      The plaintiff filed the present action on January 24, 2008 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award him benefits. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Whalen filed a report on October 31, 2008 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the findings of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation, to which the defendant responded. This matter is now before the Court.

      The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's responses thereto and has made a *de novo* review of the administrative record

in light of the parties' submissions. In his objections, the plaintiff challenges the magistrate judge's conclusion that substantial evidence supports the Administrative Law Judge's (ALJ) determination that the plaintiff was not disabled. The main focus of the objections, and the plaintiff's motion for summary judgment, is the ALJ's determination that the plaintiff's description of his disabling symptoms was not fully credible. He argues that by failing to consider all of his impairments together, and by disregarding non-medical evidence, the ALJ failed to evaluate credibility properly.

The plaintiff, who is currently fifty years old, applied for a period disability and disability insurance benefits on March 3, 2004. He did not complete high school but obtained a GED, and he was employed as a paint mixer, paver, appliance repairer, machinist, and molder. The plaintiff last worked on September 15, 2003 and alleges that he became disabled on September 1, 2003 as a result of emphysema, high blood pressure, arthritis, depression, and obesity. The plaintiff testified that he was laid off by his employer due to his health problems.

The plaintiff's application for disability insurance benefits was denied initially. The plaintiff made a timely request for an administrative hearing. On March 28, 2007, when the plaintiff was forty-eight years old, he appeared at the hearing before ALJ B. Lloyd Blair, when he was forty-eight years old. ALJ Blair filed a decision on May 23, 2007 in which he found the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since September 1, 2003 (step one); the plaintiff suffered from impairments in the form of status post cervical C4/5 discectomy with anterior fusion, obesity, asthma/chronic obstructive pulmonary disease, shoulder arthritis, and depression, which were "severe" within the meaning of the Social Security Act (step two); none of these impairments alone

or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform his previous work as a molder, machine loader or appliance repairer, which was found to be semi-skilled and require heavy exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff retained the functional capacity to perform a restricted range of light work. The plaintiff was to avoid using ladders, scaffolds or ropes; ramp or stair climbing more than occasionally; working in areas with moderate or greater exposure to vibrations, fume, odors, gasses, or poor ventilation; and constant handling or fingering action; and he was limited to unskilled jobs that do not involve detailed, precision, multiple, or simultaneous tasks, reading, computing, problem-solving, or prolonged exposure to the public. Relying on the testimony of a vocational expert, the ALJ found that there were a significant number of jobs in the regional and national economy that fit within these limitations including general office clerk, collator operator, and sorter/folder. Based on that finding and using the Medical Vocational Guidelines found at 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.21 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on November 28, 2007.

In his motion for summary judgment, the plaintiff argued that the ALJ's determination of the plaintiff's residual functional capacity (RFC) was flawed because the ALJ improperly rejected the plaintiff's testimony about his own limitations as not fully credible. As a consequence, the plaintiff argues, the hypothetical question posed to the vocational expert was not valid because it did not incorporate all of the plaintiff's limitations.

All parties agree with the magistrate judge that the plaintiff has the burden of proving disability in order to qualify for Social Security disability benefits, and that "disability" is defined as the "inability to engage in any substantial gainful activity" due to a "physical or mental impairment" that could cause death or might reasonably be expected to last continuously for at least twelve months. *See* 42 U.S.C. § 423(d)(1)(A). Of course, a person is not disabled merely because his limitation prevents him from performing his previous work, if that person can perform other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The parties also accept the rule that the authority of this Court to review administrative decisions of the Commissioner is limited to deciding whether the proper legal standards were used and "whether there is substantial evidence in the record to support the findings." *Wright v. Massanari,* 321 F.3d 611, 614 (6th Cir. 2003) (quoting *Duncan v. Sec'y of Health & Human Servs.,* 801 F.2d 847, 851 (6th Cir. 1986)). The plaintiff takes issue with the application of this rule, however, arguing that the ALJ culled from the record only that evidence that favored a determination of no disability, violating the familiar instruction that a decision can not be based on a single piece of evidence in disregard of other pertinent evidence that exists in the record, *see Hephner v. Matthews,* 574 F.2d 359, 362 (6th Cir. 1978), and that "the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (quoting *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)).

Under 20 C.F.R. § 404.1529(b), the plaintiff must establish an underlying medical condition, and then show either (1) that objective medical evidence confirms the severity of the alleged pain arising from the condition, or (2) the medical condition, objectively determined, is at a level of severity which can reasonably be expected to give rise to the alleged pain. If the plaintiff satisfies

this burden, the ALJ must then evaluate the intensity and persistence of the plaintiff's pain symptoms in light of objective medical evidence including the activity which precipitates or aggravates the plaintiff's symptoms, the plaintiff's daily activities, the intensity and duration of his symptoms, and medications, treatment and other means to relieve the symptoms. 20 C.F.R. § 404.1529(c).

In this case, the plaintiff testified at the administrative hearing that he suffered from "high blood pressure, sugar, cholesterol problem, heart problem, nerve damage, torn rotator cuffs. . . discs replaced and fixed . . . deteriorating spine disease . . . nerve damage in my legs . . . emphysema and asthma and I am quite heavy, overweight." Tr. at 299-300. He testified that he does not cook, do dishes or laundry, use a vacuum cleaner, shop for groceries, do yard work, fish, hunt, or attend his children's school activities. He said that he cannot squat or bend over. He said he could lift no more than ten pounds, spent his mornings at the sitting kitchen table talking to his wife, and slept frequently during the day. He said he could stand for no more than fifteen minutes and walk no more than twenty feet at a time.

The ALJ concluded, however, that the plaintiff overstated his disability due to pain, and therefore he discounted his testimony. In evaluating a claimant's complaints of pain and description of his limitations, the ALJ quite properly may consider the claimant's credibility. *See Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997); *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524, 538 (6th Cir. 1981). In assessing the credibility of a witness, personal observations are important. In fact, it is one of the reasons underlying the preference for live testimony. *See* 2 McCormick on Evidence § 245, at 94 (4th ed. 1992); *cf. Ohio v. Roberts,* 448 U.S. 56, 63-64 (1980), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36 (2004). Thus, an ALJ, who

has observed a witness's demeanor while testifying, should be afforded deference when his credibility findings are assessed. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003); *Villarreal v. Sec'y of Health & Human Servs.,* 818 F.2d 461, 463 (6th Cir. 1987). The Court is not obliged to accept an ALJ's assessment of credibility, however, if the finding is not supported by substantial evidence. *Beavers v. Sec'y of Health, Educ. & Welfare,* 577 F.2d 383, 386-87 (6th Cir. 1978).

The magistrate judge concluded that the ALJ's credibility determination was supported by substantial evidence and the ALJ adhered to the procedure set forth in Social Security Ruling (SSR) 96-7 and *Duncan v. Sec'y of Health & Human Servs.,* 801 F.2d 847 (6th Cir. 1986). In voicing his disagreement with that conclusion, the plaintiff in his objections – as he did in his motion for summary judgment – argues that the ALJ's sole ground for discounting the plaintiff's testimony was that no physician imposed preclusive work restrictions on the plaintiff and objective testing did not disclose "a totally debilitating pathology." The Court disagrees. Although subjective complaints of pain may be sufficient to support a claim of disability, *see Glass v. Sec'y of Health, Educ. & Welfare,* 517 F.2d 224, 225 (6th Cir. 1975), Congress has also stated that "there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain." 42 U.S.C. § 423(d)(5)(A). The ALJ, therefore, certainly may consider the medical evidence (in addition to other factors) to assess whether the plaintiff's testimony tends to conflict with it.

That is what the ALJ did in this case. In explaining his credibility determination, the ALJ stated:

> Specifically, no physician imposed a work preclusive limitation on the claimant's functioning. The undersigned notes the results of MRI, CT, EMG, pulmonary function, radiographic, stress, catheterization and clinical evaluations which do not uncover totally debilitating pathology. Imaging studies of the claimant's spine and shoulders were negative for malalignment, fracture, profound stenosis, soft tissue injury, meaningful degenerative or erosive changes. Electromyographic examinations revealed no carpal tunnel, brachial plexopathy or active radicular processes.
>
> Extensive heart work ups did not reveal evidence of rhythm disturbance, ischemic response or failure. The clamant does not manifest jugular venous distention, pulmonary edema or other evidence of end stage cardiac disease. The claimant has a history of breathing difficulties, in the face of which he continues to abuse tobacco. Still, the claimant's respiratory status has not engendered recent hospitalization or recurrent emergent care. Films of the claimant's chest were generally free of pleural fluid, adenopathy or focal consolidation.
>
> . . .
> The combined effects of obesity with other impairments may be greater than might be expected without obesity.
>
> In spite of his weight, clinicians observed the claimant ambulate reasonably well without an assistive device and to retain functional range of motion. The claimant's neurological functions in terms of motor power, reflex activity and sensation were largely intact, and his musculoskeletal and extremity reviews were free of deformity, clubbing, cyanosis, significant edema, heat, ulceration, diminished pulsation or atrophic changes.
>
> . . .
> Examiner Deskovitz's own narrative of the claimant's clinical interview did not reflect significant abnormalities (e.g., spontaneous stream of mental activity, normal speech and language patterns, was in contact with reality and related well with staff, correctly oriented, intact memories, fund of information and simple calculation skills). The claimant was not psychiatrically hospitalized and he did not participate in protracted counseling or psychotherapy. He does not manifest evidence of a perceptual disturbance. CMH evaluators and DDS psychologist R. Kriauciunas, Ph.D., characterized the claimant's condition to be mild to moderate in severity, and commonly, clinicians reported that the claimant was cognitively intact. In summary, the evidence in the record does not suggest or establish that the claimant lacks suitable concentration, memory, adaptive, interpersonal, or basic cognitive skills for vocational involvement that is simple and routine in nature. Within testimony or the written record, it was reported that the claimant is able to perform certain self-care tasks, prepare simple meals, drive an automobile, attend to family finances, spend

> time with family, watch television, occasionally fish and perform household cleaning chores (Exhibits 1E, 6F, 20F).
>
> As for the opinion evidence, the undersigned gives little weight to consultative examiner Bielawski's view that the claimant could not perform fine repetitive tasks with the hands. EMG and clinical evaluations conducted subsequent to Dr. Bielawski's examination reflect that the claimant retained relative good strength, mobility, dexterity and function of the hands and upper extremities, and that he manifested no significant neuropathic processes.

Tr. at 22-23.

Earlier in the decision, the ALJ acknowledged the factors that he was obliged to consider when assessing credibility under 20 C.F.R. § 404.1529(c) and SSR 96-7. The Court believes that the ALJ addressed those factors adequately, and the Court adopts the magistrate judge's conclusion to that effect.

The magistrate judge also correctly determined that the opinion of Dr. Nicholson could not be considered on the issue of disability because the report was never presented to the ALJ. In *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146 (6th Cir. 1996), the court of appeals endorsed the rule that "where the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." *Id.* at 148 (citing *Cotton v. Sullivan,* 2 F.3d 692, 695-96 (6th Cir. 1993)). The court of appeals applied this same limitation in a case where evidence was submitted to the Appeals Council yet was never considered by the ALJ in *Wyatt v. Sec'y of Health and Human Serv.,* 974 F.2d 680, 685 (6th Cir. 1992). The prevailing view in the Sixth Circuit appears to be that in such circumstances, the plaintiff's remedy is to seek a remand under sentence six of 42 U.S.C. § 405(g), which he has not requested here.

The plaintiff also objects on the ground that the hypothetical question posed to the vocational expert was invalid because it did not include a description of all of the plaintiff's limitations as he described them. However, the rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his obligation to assess credibility and determine the facts. In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones*, 336 F.3d at 476.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 24] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 19] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 23] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

It is further **ORDERED** that the defendant's Ex Parte Motion for Extension of Time to File Response/Reply [dkt # 17] is **DENIED as moot**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   March 25, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 25, 2009.

s/Lisa M. Ware  
LISA M. WARE